___



SO ORDERED,

**Judge Jason D. Woodard**

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
___

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: LATONYA BECK-SUGGS | CHAPTER 7 |
| DEBTOR | CASE NO.  19-11317 JDW |

### ORDER AVOIDING JUDICIAL LIEN

THIS MATTER came before the Court on the motion of Debtor's Motion to Avoid Judicial Lien of **Memphis Area Teachers Credit Union** (the "Creditor") pursuant to 11 U.S.C. § 522 (f) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014 (the "Motion")(Dkt #12).  The Debtor has represented to the Court that all parties in interest were timely served with the Motion, and no party has objected to the relief requested in the Motion by the deadline set by the Court.   Based on the Debtor's representations, the Court finds and concludes as follows:

1. The Debtor her homestead real property, as well as certain personal property, all as listed on Scheduled C filed by the Debtor in this bankruptcy case.

2. The Creditor recorded a judicial lien against Debtor's property on May 5, 2008, as follows:

> **Location of Judgment Rolls: General Sessions Civil Court, Shelby Co, TN**
> **Case Number: 1252640**
> **Date of Rendition: November 20, 2007**
> **Amount: $3,184.54**

    3.    The Existence of the Creditor's lien against the Debtor's property impairs exemptions to which the Debtor would be entitled under Title 85, Chapter 3 of the Mississippi Code and 11 U.S.C. § 522(d).  Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that

    1.    The Motion it **GRANTED**.

    2.    To the extend the Debtors's exemptions, the judicial lien held by the Creditor as set forth is **AVOIDED** and shall not survive bankruptcy, affix to, or remain enforceable against the Debtor's exempt property, unless the case is dismissed prior to the entry of the Debtor's discharge.

    3.    A copy of the Order of Discharge is to accompany any recordation of this Order.

    4.    To the extend the Creditor's lien has been avoided, the Creditor shall be treated as a general unsecured creditor in this case.

#ENDOFORDER#

SUBMITTED BY:

KAREN B. SCHNELLER, MSB 6558
ROBERT H. LOMENICK, JR., MSB 104186
SCHNELLER & LOMENICK, P.A.
126 NORTH SPRING STREET
POST OFFICE BOX 417
HOLLY SPRINGS, MISSISSIPPI 38635
662-252-3224 /karen.schneller@gmail.com
ATTORNEYS FOR DEBTOR